Javier Merino
DannLaw
1 Meadowlands Plaza, Suite 200, Room 252
East Rutherford, NJ 07073
(201) 355-3440
Fax (216) 373-0536
notices@dannlaw.com

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RAJANIKANT BHATT**<br>152 Jackson Ave.<br>Sayreville, NJ 08859<br><br>and<br><br>**DEVIKA BHATT**<br>152 Jackson Ave.<br>Sayreville, NJ 08859<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>**PROVIDENT FUNDING ASSOCIATES, L.P.**<br>c/o Corporate Service Company<br>830 Bear Tavern Road<br>West Trenton, NJ 08628<br><br>AND<br><br>**SHAPIRO & DENARDO, LLC**<br>℅ The Corporation Trust Company<br>820 Bear Tavern Road<br>West Trenton, NJ 08628<br><br>　　　　　　Defendants. | CIVIL ACTION NO.<br><br><br><br>**COMPLAINT WITH JURY TRIAL DEMAND** |

1

Plaintiffs, Rajanikant Bhatt and Devika Bhatt, individual consumer, brings this action for civil penalties and other relief against Defendants, Provident Funding Associates, L.P. and Shapiro & DeNardo, LLC. alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq (hereinafter "FDCPA") as follows:

## JURISDICTION AND VENUE

1. This is an action arising under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, et seq, to obtain monetary civil penalties, a permanent injunction, restitution, and other equitable relief for Defendant's violations of the FDCPA.

2. This Court has jurisdiction over this matter under 28 U.S.C. §§ 1331, 1337, and 15 U.S.C. §1692.

3. Venue is proper in this Court under 28 U.S.C. Section 1391(b) as a substantial part of the events giving rise to the claim took place in this Judicial District and Defendants are subject to personal jurisdiction in this Judicial District under 28 U.S.C. §§ 139l(b)(2)and(c) and 1395(a).

## PARTIES

4. Plaintiff, Rajanikant Bhatt, is a natural persons residing at 152 Jackson Ave., Sayreville, NJ 08859 and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Plaintiff, Devika Bhatt, is a natural persons residing at 152 Jackson Ave., Sayreville, NJ 08859 and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3

6. Defendant, Shapiro & DeNardo, LLC, (hereinafter "Shapiro") is a foreign limited liability company engaged in the business of debt collecting, having its principal place of

business at 3600 Horizon Drive, King of Prussia, PA 19406.  At all times relevant to this Complaint, Shapiro has transacted business in this District and throughout the State of New Jersey.

7. Shapiro is a law firm that provides collection services to regional and national credit grantors, attempting to recover both commercial and consumer debts, a substantial number of which have been placed in collection.  Shapiro is doing business in the State of New Jersey as business entities operating as collection agencies, and are "debt collectors" as the term is defined by 15 U.S.C. 1692a(6).

8. Defendant, Provident Funding Associates, L.P., (hereinafter "Provident") is a foreign Limited Liability Partnership engaged in the business of collecting debts in this state with its principal place of business at 1633 Bayshore Highway, Suite 155, Burlingame, CA 94010.  At all times relevant to this Complaint, Provident, has transacted business in this District and throughout the State of New Jersey.

9. Shapiro engaged in "communication" as defined by 15 U.S.C. 1692(a)(2).

### FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

11. On or about May 25, 2005, Plaintiffs incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a mortgage loan on their principal residence.  The mortgage loan was a fixed-rate Note.

12. In or around June 2008, Plaintiffs encountered financial issues and became unable to make payments on the mortgage loan, and the loan went into default.

13. On January 14, 2009, Provident filed a foreclosure complaint against Plaintiffs captioned "Provident Funding Associates, L.P. vs. Rajanikant Bhatt, et al.", Docket No.: F-3024-09. **Copy of docket sheet attached as Plaintiffs' Exhibit A**.

14. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Shapiro for collection from the Plaintiffs.

15. On or around September 19, 2016, Mr. Bhatt filed a chapter 13 bankruptcy petition in the United States District Bankruptcy Court for the District of New Jersey under case number 16-BK-27907 (KCF) (the "Bankruptcy Matter"). **Copy of bankruptcy docket sheet attached as Plaintiffs' Exhibit B**.

16. Mr. Bhatt filed the Bankruptcy Matter in an attempt to obtain a loan modification and remain in his home.

17. On or around February 15, 2017, Mr. Bhatt filed a Motion for Approval to Participate in the Court's Loss Mitigation Program (the "Mitigation Motion"). *See Exhibit B*.

18. On or around March 9, 2017, the bankruptcy court granted the Mitigation Motion, allowing Mr. Bhatt to participate in the court loss mitigation program. *See Exhibit B*.

19. On or around April 19, 2017, Mr. Bhatt filed an Application to Extend Loss Mitigation (the "Application"). *See Exhibit B*.

20. On or around May 17, 2017, Provident, through Shapiro, filed an opposition to the Application (the "Opposition'). *See Exhibit B*.

21. The bankruptcy court set a hearing on the Application and Opposition for July 26, 2017 (the "Hearing").

22. On July 26, 2017, in conjunction with the Hearing, Mr. Bhatt's bankruptcy counsel, Andy Winchell ("Winchell") met with the Chapter 13 Trustee and Mr. Charles Wohlrab, Esq. ("Wohlram") of Shapiro. The Trustee and Mr. Winchell asked Mr. Wohlrab if there was a sheriff's sale scheduled on the Plaintiffs' property.

23. Mr. Wohlrab looked online and contacted his office to determine whether a sheriff sale date might be pending.

24. Mr. Wohlrab told Mr. Winchell and Mr. Bhatt that there was no sheriff's sale scheduled on the Plaintiffs' home.

25. If Mr. Winchell and the Plaintiffs were aware of a sheriff's sale date, they would have either fought to keep the bankruptcy case alive or refile another petition to maintain the automatic stay protection.

26. Relying upon Mr. Wohlrab's representation, Mr. Winchell and Mr. Bhatt proceeded with the bankruptcy case dismissal. Mr. Winchell advised Mr. Bhatt he could seek a loan modification without the need of a bankruptcy case as Mr. Wohlrab had just informed them there was no sheriff sale scheduled.

27. On or about September 5, 2017, Mr. Bhatt learned that his home had been sold by a sheriff sale on or about August 9, 2017 causing an estimated deficiency balance of 325,000 that Mr. Bhatt is now liable for. Mr. Bhatt then contacted Mr. Winchell and informed him of the sale.

28. Shocked by this news, Mr. Winchell contacted Mr. Wohlrab and asked him if he knew anything about the sale.

29. Mr. Wohlrab then indicated he reviewed the data from his client's system which revealed no information about a sheriff's sale date.

30. Defendants' actions in causing the Plaintiff's home to be sold at auction despite Shapiro's representations that Provident did not have a sheriff's sale scheduled on the Plaintiffs' home was in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692(g), 1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f, amongst others.

**COUNE ONE: VIOLATION OF THE FDCPA - DEFENDANT SHAPIRO**

31. Plaintiffs repeats and realleges and incorporates by reference all of the allegations contained in Paragraphs 1 through 30 as if fully restated herein.

32. Shapiro took the actions described, *supra*, in an attempt to collect a debt represented by the Loan.

33. The FDCPA, 15 U.S.C. § 1692e, provides, inter alia, that a Debt Collector may not use any false, deceptive, or misleading representation or means in connection with the debt collection.

34. The FDCPA, 15 U.S.C. § 1692f, provides, inter alia, that a Debt Collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

35. The FDCPA, 15 U.S.C. § 1692d, provides, inter alia, that a Debt Collector may not use any unfair or unconscionable means to collect or attempt to collect the alleged debt.

36. Shapiro's actions, in causing Shapiro to sell Plaintiffs' home at auction despite Shapiro's representations that there was no sheriff's sale scheduled on the Plaintiffs' home, constituted a false, deceptive, or misleading representation in violation of 15 U.S.C. §1692e.

37. Shapiro's actions, in causing Provident to sell the Plaintiffs' home at auction despite Shapiro's representations that there was no foreclosure sale scheduled on the Plaintiffs' home, constituted conduct which had the natural consequence of harassing, oppressing, and abusing the Plaintiff in violation of 15 U.S.C. §1692f.

38. Shapiro's actions, in causing Provident to sell the Plaintiff's home at auction despite Shapiro's representations that they would review the Application before the foreclosure sale, constituted an unfair and unconscionable means to collect the debt owed on the Loan in violation of 15 U.S.C. §1692d.

39. As a result of Shapiro's violations of the FDCPA, Plaintiffs are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant Shapiro herein.

**COUNT TWO: VIOLATIONS OF THE FDCPA - DEFENDANT PROVIDENT**

40. Plaintiffs repeat and reallege and incorporate by reference all of the allegations contained in Paragraphs 1 through 30 as if full restated herein.

41. The acts and omissions of Shapiro were committed within the time and space of their agency relationship with Provident.

42. By committing these acts and omissions against Plaintiffs, Shapiro was motivated to benefit their principal, Provident.

7

43. Defendant, Provident, is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by Shapiro, including but not limited to violations of the FDCPA and New Jersey Law.

44. As a result of Provident's respondeat superior liability, violations of the FDCPA, Plaintiffs are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Provident herein.

## **CONCLUSION**

45. As a result of Shapiro's misrepresentations in this case and Provident's failure to exercise reasonable oversight over Shapiro, Plaintiff is entitled to statutory damages, attorneys' fees, and actual damages under the FDCPA.

46. Provident, as Shapiro's principal, is also liable under the FDCPA.

47. As a direct and proximate result of Defendants' conduct and the distinct and ongoing violations above enumerated, Plaintiffs suffered actual damage in the form of embarrassment with her neighbors, wasted time, frustration, and humiliation along with the emotional distress that follows from having her home sold at auction. Plaintiffs were forced to incur attorney fees and costs to file an emergent motion to vacate the sale of their home, and attorney fees to investigate and prepare this suit and have suffered further damage to their already weakened credit profile.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs pray that this Court enter its order granting judgment against Defendants for the following:

A. For Plaintiffs' actual damages, costs, and reasonable attorney fees against the Defendants jointly and severally as to the allegations contained in Counts One and Two;

B. For statutory damages of up to One Thousand Dollars ($1,000.00) per Plaintiff against Defendant Shapiro as to the allegations contained in Count One;

C. For statutory damages of up to One Thousand Dollars ($1,000.00) per Plaintiff against Defendant Provident as to the allegations contained in Count Two; and

D. Such other relief which this Court may deem appropriate.

Respectfully submitted,

/s/ Javier L. Merino
Javier L. Merino
DANN & MERINO, P.C.
1 Meadowlands Plaza, Suite 200, Room 252
East Rutherford, NJ 07073
(216) 373-0539
Fax (216) 373-0536
notices@dannlaw.com

/s/ Ira J. Metrick
Ira J. Metrick
57 W. Main Street
Freehold, NJ  07728
732-462-7000
732-863-1949 FAX
ira@metrickesq.com

**Jury Demand**

Plaintiffs hereby request a trial by jury on all issues, with the maximum number of jurors permitted by law.

/s/ Javier L. Merino
Javier L. Merino
DANNLAW